JEROME P. KOVACS *v.* JOSEPH T. KASPER, JR.

SUPERIOR COURT      JUDICIAL DISTRICT OF      FILE NO. 296516
                          DANBURY

Memorandum filed August 2, 1989

*Gallagher, Gallagher & Calistro,* for the plaintiff.
*Goldman, Rosen & Willinger,* for the defendant.

WEST, J. The motion to strike before the court arises out of an action brought by the plaintiff, Jerome P. Kovacs, to recover a real estate commission allegedly due him under a listing agreement that he had entered into with the defendant, Joseph T. Kasper, Jr. The defendant moves to strike the entire complaint on the ground that the listing agreement fails to conform to General Statutes § 20-325a.

Under the terms of the listing agreement, dated November 7, 1986, the defendant purported to employ the plaintiff for a period of 364 days as the exclusive agent to sell or to lease the defendant's property in Bethel. The agreement was extended in writing until May 1, 1988.

The plaintiff, in his amended complaint dated April 21, 1989, alleges that, acting as real estate broker in reliance on the listing agreement, he submitted to the defendant a lease proposal that was accepted by the defendant on March 18, 1988. Subsequently, the defendant allegedly entered into a leasing agreement with the proposed lessee. The plaintiff claims that he has performed his obligations under the listing agreement and consequently he is due a commission of $34,370.76 from the defendant, who has refused to pay.

As a ground for his motion to strike, the defendant cites three alleged defects in the listing agreement that, he asserts, render the agreement invalid under § 20-325a.

A motion to strike challenges the legal sufficiency of the allegations of a complaint. Practice Book § 152 (1); see *Amodio* v. *Cunningham,* 182 Conn. 80, 438 A.2d 6 (1980). If a motion to strike is directed to the entire complaint, the motion must fail if any of the plaintiff's claims is legally sufficient. *Doyle* v. *A & P Realty Corporation,* 36 Conn. Sup. 126, 127, 414 A.2d 204 (1980).

General Statutes § 20-325a (b) governs actions to recover real estate commissions and sets forth five conditions that must be met in order for a listing agreement to be enforceable. It must "(1) be in writing, (2) contain the names and addresses of all the parties thereto, (3) show the date on which such contract was entered into or such authorization given, (4) contain the conditions of such contract or authorization and (5) be signed by the owner or an agent authorized to act on behalf of the owner only by a written document executed in the manner provided for conveyances in section 47-5, and by the real estate broker or his authorized agent." The statutory requirements of § 20-325a (b) are mandatory and not permissive. *Thornton Real Estate, Inc.* v. *Lobdell,* 184 Conn. 228, 230, 439 A.2d 946 (1981).

The defendant cites three reasons why the listing agreement in issue fails to conform with the statutory requirements: (1) the listing agreement does not comply with § 20-325a (b) in that it was not "executed" in the manner provided for conveyances in General Statutes § 47-5; (2) the extension of the listing agreement does not comply with § 20-325a in that it is not dated or signed; and (3) the listing agreement does not comply with General Statutes § 20-325b.

Section 20-325a (b) (5) requires a listing agreement to "be signed by the owner *or* an agent authorized to act on behalf of the owner only by a written document executed in the manner provided for conveyances in section 47-5 . . . ." (Emphasis added.) Section 47-5 describes the requirements for execution of conveyances of land pursuant to a power of attorney. This court finds that the use of the disjunctive "or" and the language of § 20-325a (b) (5) immediately following indicates that only in the event of an agent signing the agreement must the document be executed with § 47-5 formalities. In this case, because the owner of the listed property, the defendant, and not an agent, signed the listing agreement, compliance with § 47-5 formalities was consequently unnecessary.

The defendant argues that the failure to date the listing agreement extension is fatal under General Statutes § 20-325a (b) (3), which requires the listing agreement to "show the date on which such contract was entered into . . . ." Examination of the listing agreement signed by the parties discloses that it was dated November 7, 1986. The following addendum was subsequently typed onto the bottom of page one of the listing agreement in the following form: "This agreement is hereby extended until 5-1-88. Also regarding sale of entire building, owner is requesting $200.00 per square foot." Both the plaintiff and the defendant

signed below the notation, but did not date their signatures. The allegations of the complaint and the face of the listing agreement, however, "show the date on which such contract was entered into" and this is sufficient to satisfy the statute. The question of the validity of the extension agreement is not appropriately decided by a motion to strike.

Finally, the defendant points to § 20-325b, which requires listing agreements to contain notice regarding real estate commissions. He claims that the listing agreement here does not satisfy that statute and that this is fatal to the plaintiff's ability to bring an action for a real estate commission. In *William Pitt, Inc.* v. *Taylor,* 186 Conn. 82, 84, 438 A.2d 1206 (1982), the Supreme Court found "[l]isting contracts are governed exclusively by § 20-325a," and rejected a statute of frauds challenge to a listing agreement. Similarly, in *Currie* v. *Marano,* 13 Conn. App. 527, 532, 537 A.2d 1036, cert. denied, 207 Conn. 809, 541 A.2d 1238 (1988), the Appellate Court rejected an unjust enrichment challenge to a listing agreement and reiterated that " 'listing contracts are governed *exclusively* by section 20-325a . . . .' " (Emphasis in original.) Consequently, a challenge to the validity of this listing agreement based on § 20-325b is not relevant.

The plaintiff's amended complaint and the attached listing agreement contain sufficient factual allegations to set forth a cause of action to recover a real estate commission under § 20-325a. The defendant's motion to strike is therefore denied.