[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action in two counts by the plaintiff Michigan Mutual Insurance Co. claiming in the first count a balance due for insurance premiums and in the second count unjust enrichment. The defendant Table Chair Warehouse, Inc., has filed a motion to strike (#109) claiming that the first count does not contain a "legal basis" for recovery of the money claimed by plaintiff, and secondly, that the complaint should be "dismissed" for failure to name a "necessary" party.
The motion to strike is denied because the second count states a claim for unjust enrichment, which is not a part of the defendant's motion to strike, and a motion to strike an entire complaint should be denied if any of the plaintiff's claims are legally sufficient. Kovacs v. Kasper, 41 Conn. Sup. 225, 226, 565 A.2d 18 (1989).
The motion to strike is also denied on the second ground because the defendant has not stated in its motion the interest of First Connecticut Financial Group, Inc. as a necessary party, defined as one whose presence is required to assure a fair and equitable trial. Biro v. Hill, 214 Conn. 1, 6, 570 A.2d 182 (1990). The court can do final and CT Page 4912 complete justice as between these parties to the suit without affecting First Connecticut. Id., 5.
In addition, I believe that the first count does set forth a cognizable cause of action because it claims that there are unpaid insurance premiums owed plaintiff, insurance procured as a result of a request of the plaintiff by the defendant acting through First Connecticut Financial Group, Inc.
For these reasons the motion to strike is denied.
SO ORDERED.
Dated at Stamford, Connecticut this nineteenth day of December 1990.
LEWIS, J.