[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Stanley V. Tucker, brings this action against the defendants, Elliot A. Ginsberg, Commissioner of Human Resources, and Lore Senete, an employee of the Department of Human Resources, personally and in their official capacities for allegedly impounding an $800.00 security deposit check. The plaintiff moves to strike the defendants' Answers and Special Defenses and has filed a supporting memorandum of law. The plaintiff moves to strike on two grounds: (1) that the Attorney General is not authorized to defend the defendants in their personal capacities; and (2) that the defenses pled are only available to the defendants in their official capacities and not in their personal capacities. The defendants have filed an opposing memorandum of law.
A motion to strike contests the legal sufficiency of the CT Page 5391 allegations of a pleading, including an answer to a complaint or any special defense contained therein. Conn. Practice Bk. 152 (rev'd to 1978, as updated to October 1, 1990). Plaintiff's motion to strike attacks the Attorney General's authority to represent state employees. This ground is not an attack on the legal sufficiency of the Answer or Special Defenses and therefore is not properly the subject of a motion to strike.
In addition, the plaintiff moves to strike all Answers and Special Defenses of the defendants. The plaintiff does not object to any specific Answer or Special Defense. Where the motion to strike attacks the pleading as a whole, the motion fails if any part of the attacked pleading is viable. Kovacs v. Kasper, 41 Conn. Sup. 225, 226 (1989). The Special Defenses raised by the defendants are essentially defenses to personal liability in that at all times the defendants were acting in their official capacities and in good faith. As such, they are viable defenses.
Therefore, for the above reasons, the plaintiff's motion to strike is hereby denied.
STENGEL, J.