[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THIRD PARTY DEFENDANT'S MOTION TO STRIKE
In this action to recover unpaid insurance premiums, the defendant, Wright Electric, Inc. ("Wright"), has impleaded Bogino DeMaria, Inc., and filed a five-count complaint which the third-party defendant, Bogino DeMaria moves to strike.
The first count is a claim for negligent misrepresentation. The second count is a breach of contract claim. The third count is a claim pursuant to the Connecticut Unfair Insurance Practices Act ("CUIPA"). The fourth count is a claim pursuant to the Connecticut Unfair Trade Practices Act ["CUTPA"], and the fifth count is a claim for indemnification based upon active-passive negligence.
 I.
In its Motion to Strike the third-party defendant argues that General Statutes 52-102a requires that the third-party plaintiff CT Page 10463 specifically allege that "the third-party defendant is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against it", citing Commissioner of Environmental Protection v. Lake Phipps Land Owners Corp.,3 Conn. App. 100, 485 A.2d 580 (1985). We do not view that decision as mandating that a third-party plaintiff must specifically allege, in so many words that the third-party defendant is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against it. That case cited Senior v. Hope, 156 Conn. 92 (1968) which states "The burden [is] on the plaintiff to allege facts to bring his proceeding within the requirements of the statute." id. at 98.
In the fifth count of the instant third-party complaint, the third-party plaintiff alleges a claim for indemnification based upon active-passive negligence. Indemnification is defined as the act of "restor[ing] the victim of a loss, in whole or in part, by payment, repair of replacement." Blacks Law Dictionary, 692 (5th ed. 1979). We believe that the allegations of the fifth count of the third-party complaint are sufficient to support a claim under General Statutes 52-102a and falls within the broad holding of Commissioner of Environmental Protection, supra.
It is true that in order to plead a cause of action for indemnification based upon active-passive negligence, the party seeking indemnification must allege that at the time of the accident: (1) the party against whom indemnification is sought was negligent; (2) its negligence rather than another's was the direct and immediate cause of the injury; (3) it had exclusive control over the situation; and (4) the negligent party seeking indemnification did not know of the charged party's negligence, had no reason to anticipate it and could have reasonably relied on the charged party to act without negligence. Kaplan v. Merberg Wrecking Corp., 152 Conn. 405, 416, 207 A.2d 732 (1965); Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74,579 A.2d 26 (1988). In addition, the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based on an "independent legal relationship." Atkinson v. Berloni, 23 Conn. App. 325, 328 (1990). While it appears that such an independent relationship has not been pleaded, this deficiency has not been raised in the Motion to Strike and in a Motion to Strike the court is constrained to consider only those grounds raised in the Motion. Blancato v. Feldspar, 203 Conn. 34,44 (1987). Since we have concluded that the third-party plaintiff was not required to plead specifically CT Page 10464 that the third-party defendant is or may be liable in whole or in part to it, the only ground raised in the Motion to Strike the third-party defendant's motion to strike on this ground is denied.
 II.
The third-party defendant further moves to strike the third-party complaint on the ground that the claims set forth in the third-party complaint are separate and distinct from the claims contained in the original complaint. This court has previously held that a third-party complaint may not allege causes of actions separate and distinct from those claims alleged in the original complaint. LaTeano v. Aetna Life Casualty Insurance,7 CSCR 834, 834 (June 26, 1992, Wagner, J.). However, the fifth count of the third-party complaint sounding in indemnification does relate back to the original complaint.
A motion to strike directed to the entire third-party complaint must fail if any of the third-party plaintiff's claims are legally sufficient. See Whelan v. Whelan, 41 Conn. Sup. 519,520, 588 A.2d 251 (1991, Blue, J.); Kovacs v. Kasper, 41 Conn. Sup. 225,226, 565 A.2d 18 (1989, West, J.).
Motion to Strike is denied.
Wagner, J.