[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#116)
On July 2, 1997, the defendant, Alan Rich, filed a five count counterclaim against the plaintiff, Katz Realty of Connecticut, Inc. The counterclaim sounds in slander, libel and a "claim for accounting of commissions due to [the] defendant." CT Page 13394
On September 24, 1997, the plaintiff filed a motion to strike the entire "counterclaim of the [d]efendant dated July 1, 1997" on the ground that the counterclaim "is independent from the collection of the loan due." The underlying matter is an action to collect a debt.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . . to state a claim upon which relief can be granted." Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). "If a motion to strike is directed to the entire [pleading], the motion must fail if any of the [non-movant's] claims is legally sufficient." Kovacs v. Kasper,41 Conn. Sup. 225, 226, 565 A.2d 18 (1989).
In the present case, the plaintiff concedes that the fifth count of the counterclaim is legally sufficient. The motion to strike is directed towards the entire counterclaim. Since one of the defendant's counterclaims is legally sufficient, the plaintiff's motion to strike the entire counterclaim is denied.
The court notes that the plaintiff, in its memorandum of law, raised the question of whether this court has subject matter jurisdiction over the counterclaim. "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Figuerora v. C S Ball Bearing,237 Conn. 1, 4, 675 A.2d 845 (1996).
The plaintiff argues that the defendant has impermissibly asserted causes of action against a deceased person. See Brown v.Novick, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 150483 (Oct. 8, 1996, Ryan, J.) ("[A] court has no jurisdiction over a lawsuit by or against a decedent.")
The court has examined the counterclaim and finds no evidence of a claim being asserted against any individual, either living or deceased. Instead, the defendant has filed a counterclaim against the plaintiff corporation. The counterclaim merely alleges facts regarding the statements of an individual employed by the corporation. There is no need, therefore, for this court to address further the claim of a lack of subject matter jurisdiction. CT Page 13395
KARAZIN, J.