[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #102
On August 22, 1997, the plaintiffs, D.H. White Commercial Real Estate Services, Inc. and Dennis C. Lyndon, filed a four count complaint against the defendant, St. John Urban Development Corp. The complaint sounds in fraudulent misrepresentation, unjust enrichment, violation of the Connecticut Unfair Trade CT Page 1224 Practices Act (CUTPA), and breach of an oral contract. The plaintiffs allege, in essence, that they were fraudulently induced into believing that they would be hired to market the defendant's property. Based on that reliance, according to the plaintiffs, they provided the defendant with information which indicated that the market value of the property was significantly higher than the defendant had anticipated. The defendant, without the plaintiffs' assistance, then entered into a contract to sell the property at the higher price.
The defendant has filed a motion to strike on the ground that "the [p]laintiffs have failed to comply with [General Statutes] § 20-325a, et. seq. The [p]laintiffs' failure to comply precludes a recovery of any alleged sums due and owing under the legal theories of breach of contract, fraud, unjust enrichment, quantum meruit and CUTPA."[1]
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . . to state a claim upon which relief can be granted." Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). "If a motion to strike is directed to the entire complaint, the motion must fail if any of the plaintiff's claims is legally sufficient." Kovacs v. Kasper, 41 Conn. Sup. 225, 226,565 A.2d 18 (1989).
"The statutory scheme of § 20-325a requires that a party who sues for a real estate commission must first show that the written contract or authorization under which the claim is made satisfies the facial requirements of the statute as to names, addresses, date, conditions and signatures." CMG Realty of Conn.v. Colonnade One, 36 Conn. App. 653, 658, 653 A.2d 207 (1995). If "no listing agreement was in effect when the plaintiff's services were rendered, the plaintiff is statutorily barred from recovering a commission. A broker who — does not follow the mandate of the statute does so at his peril." (Internal quotation marks omitted.) New England Investment Prop. v. Spire Realty,31 Conn. App. 682, 686, 626 A.2d 1316 (1993).
At first blush it appears that the complaint should be stricken for failure to plead the existence of a valid listing agreement. The plaintiffs argue, however, that General Statutes § 20-325a does not apply to the present case because they are not seeking "to enforce any agreement that entitles them to a brokerage commission . . . ." Rather, the plaintiffs argue that CT Page 1225 are attempting "to recover for [the] defendant's conduct, namely fraudulently misrepresenting to the plaintiffs that they had been selected to market the property and that it would enter an agreement and that it would execute a listing agreement, in order to induce the plaintiffs to provide valuable information that increased the value of the property . . . ."
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Faulkner v. United Technologies,Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). A careful examination of the plaintiffs' complaint in the present case reveals that the word "commission" does not appear. Further, the plaintiffs do not allege that they are entitled to proceeds from the sale of the property. In fact, count four of the complaint states that the breached agreement was that the defendant would pay the plaintiffs for information regarding "how to increase the capacity and marketability of the property . . . ." And that this service was provided "with the expectation that the plaintiffs would be paid a reasonable fee . . . ." The court agrees with the plaintiffs, therefore, that the complaint indicates that they are not attempting to recover a commission. Rather, the plaintiffs seek to recover damages for the defendant's failure to pay for the appraisal services (not the listing services) that were rendered.
"A trial court in passing upon a motion to strike should not consider grounds other than those specified." Meredith v. PoliceCommissioner, 182 Conn. 138, 141, 438 A.2d 27 (1980). The only ground for the defendant's motion is the plaintiffs' failure to meet the requirements of General statutes § 20-325a, et seq. General Statutes § 20-325a does not apply to the present case. The defendant's motion to strike the complaint, therefore, is denied.
MINTZ, J.