[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION TO STRIKE AFTER REARGUMENT
In this case, the defendants, Taurus Advisory Group, Inc. (Taurus, Inc.) and Taurus Advisory Group, L.L.C. (Taurus, L.L.C.), filed a revised counterclaim against the plaintiff, Sector Management, Inc. sounding in breach of contract (count one), breach of the covenant of good faith and fair dealing (count two), negligent misrepresentation (count three), and a violation of the Connecticut Unfair Trade Practices Act, General CT Page 4493 Statutes § 42-110b (CUTPA) (count four). The defendants also have filed a revised answer and special defenses.
The plaintiff filed a motion to strike the defendants' revised answer, special defenses, and counterclaims in their entirety on the grounds that "(i) the fourth counterclaim fails to state a claim upon which relief may be granted and (ii) each of the counterclaims are wrongly alleged to be brought by [the] defendant."[1] This court denied the plaintiff's motion to strike on January 23, 1998. The court, however, granted the plaintiff's subsequent motion to reargue because the court file originally did not contain all of the memoranda filed in support of the motion.
The plaintiff, in its motion, states that it is moving to strike the defendants' answer, special defenses, and counterclaims. The plaintiff's memorandum, however, addresses only the latter. The plaintiff appears to be moving to strike all of the defendants counterclaims on the ground that the defendant Taurus, L.L.C. "has no authority to bring an action on behalf of the limited liability company." Additionally, the plaintiff is moving to strike the fourth count of the counterclaim on the ground that an intracompany dispute does not give rise to a CUTPA cause of action. The court, therefore, will consider the plaintiff's pleading a motion to strike the counterclaim in its entirety, or in the alternative, a motion to strike the fourth count of the counterclaim.
"A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." Fairfield Lease Corp. v. Romano's Auto Service,4 Conn. App. 495, 496, 495 A.2d 286 (1985).
The plaintiff first argues that the defendants' counterclaims should be stricken because of rulings made by Judge Lewis in a consolidated case, Taurus Advisory Group, Inc. v. SectorManagement, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 150830 (May 6, 1997, Lewis, J.). The plaintiff argues that Judge Lewis' rulings are "the law of the case."
"Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of CT Page 4494 some new or overriding circumstance." CFM of Connecticut. Inc. v.Chowdhury, 239 Conn. 375, 404, 685 A.2d 1108 (1996). "New pleadings intended to raise again a question of law which has been already presented on the record and determined adversely to the pleader are not to be favored." (Internal quotation marks omitted.) Suffield Bank v. Berman, 228 Conn. 766, 774,639 A.2d 1033 (1994).
In the consolidated action, Judge Lewis granted a motion to strike a CUTPA cause of action filed by the defendants against the plaintiff here, because the allegations revolved around an intracompany dispute. Taurus Advisory Group, Inc. v. SectorManagement, Inc., supra, Superior Court, Docket No. 150830.[2]
In the present case, the defendants' allegations similarly revolve around an intracompany dispute. Specifically, the defendants allege that Taurus, Inc. and the plaintiff each agreed to contribute certain resources towards the formation of Taurus, L.L.C. The defendants complain that the plaintiff breached the agreement. This breach, according to the defendants, somehow constitutes "unfair and deceptive trade practices by the plaintiff in violation of CUTPA, [General Statutes § 42-110b."
Absent authority to the contrary, the court is not convinced that a previous court's decision on a motion to strike, in a consolidated case, invokes the law of the case doctrine. Nevertheless, this court has stated that "Superior Courts have taken the view that CUTPA does not apply to: employer/employee relations and to the purchase and sale of securities; . . . the internal business affairs and workings of partnerships; . . . intracompany disputes among shareholders; . . . disputes between officers and shareholders; . . . or to participants in a joint venture." (Citations omitted.) Chila v. Chila, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 140570 (April 3, 1995, D'Andrea, J.). This is due to the statutorily required allegation under CUTPA that the dispute arise from "trade or commerce." Id.
The present case clearly involves an intra-organizational dispute in the same spirit as the above listed types of cases. The underlying dispute, as alleged in count four, does not implicate "trade or commerce." The defendants' CUTPA cause of action, therefore, is legally insufficient.
The court vacates its original ruling regarding the motion to CT Page 4495 strike count four of the counterclaim. The motion to strike the fourth count of the counterclaim is granted.
The plaintiff moves to strike the remaining counts of the counterclaim because they "are wrongly alleged to be brought by defendant Taurus Advisory Group, L.L.C." The court does not reach the merits of this ground.
"If a motion to strike is directed to the entire [counterclaim], the motion must fail if any of the [defendants'] claims [are] legally sufficient." Kovacs v. Kasper,41 Conn. Sup. 225, 226, 565 A.2d 18 (1989). "A trial court in passing upon a motion to strike should not consider grounds other than those specified." Meredith v. Police Commissioner, 182 Conn. 138, 141,438 A.2d 27 (1980).
Here, the plaintiff challenges only the ability of Taurus, L.L.C. to bring this action against it. The action, however, was brought by both Taurus, L.L.C. and Taurus, Inc. The plaintiff has not challenged Taurus, Inc.'s claims against it. By implication, therefore, the plaintiff is satisfied that the portion of the defendants' allegations brought by Taurus, Inc. is legally sufficient to maintain the causes of action asserted. Thus, the motion to strike the counterclaim in its entirety must fail.
The court stands by its original ruling on the plaintiff's motion to strike the remaining counts of the counterclaim.
So Ordered.
D'ANDREA, J.