[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM DECISION ON MOTION TO STRIKE #108
 FACTS
The plaintiffs, Margaret and Christopher Becker, filed a four-count complaint against the defendant, Kristine Cody (Cody), on December 4, 1997. The plaintiffs allege that as Margaret Becker slowed her vehicle to a stop due to a dog that suddenly entered the road, she was rear-ended by Cody, who was operating her automobile negligently and recklessly. On January 28, 1998, Cody filed an apportionment complaint against Michael Dinatale (Dinatale), the owner of the dog, based on General Statutes §§22-357[1] and 22-364.[2] Dinatale filed a motion to strike the entire apportionment complaint on April 16, 1998 on the ground that the apportionment statute does not apply to the claims in the apportionment complaint, specifically, the strict liability claims under § 22-357. Cody filed a memorandum in opposition to the motion to strike on April 22, 1998, arguing that the court has previously sustained her objection to Dinatale's request to revise the apportionment complaint in such a manner that the allegations made under § 22-357 are CT Page 7681 deleted. Cody also argues that there are independent negligence grounds alleged in the apportionment complaint pursuant to §22-364, and therefore the motion to strike should be denied.
"General Statutes § 52-102b is clear and unambiguous. Section 52-102b sets forth its exclusive application for apportionment purposes and restricts its applicability to claims under § 52-572h. [If the] defendant's apportionment complaint is not within the ambit of the statutory parameters . . . the trial court [may] properly [grant] the motion to strike the apportionment complaint." Paul v. McPhee Electrical Contractors,46 Conn. App. 18, 22, 698 A.2d 354 (1997). "By its own terms, the comparative negligence statute applies only to `causes of action based on negligence.' General Statutes § 52-572b(b)."Durniak v. August Winter Sons, Inc., 222 Conn. 775,782, 610 A.2d 1277 (1994).
"The legislative purpose of our dog bite statute was summarized by this court in Maccarone v. Hawley, 7 Conn. App. 19,507 A.2d 506 (1986), in which we stated that § 22-357 was enacted to create strict liability in the owner or keeper to third parties for injuries caused by a dog.'" Murphy v. Buonato,42 Conn. App. 239, 248, 679 A.2d 411 (1996). Accordingly, a cause of action under § 22-357 is not a negligence claim, and therefore Cody may not base her apportionment complaint on §22-357. See Mitchell v. Ensign-Bickford Haz-Pros, Inc., Superior Court, judicial district of Waterbury, Docket No. 119742 (July 14, 1995, Sullivan, J.) (no apportionment between negligent and reckless tortfeasors), citing Lodge v. Arett Sales Corp. , Superior Court, judicial district of Waterbury, Docket No. 098122 (March 17, 1995, Pellegrino, J.) (no apportionment based on allegations of willful and reckless conduct because § 52-572h
applies only to negligent conduct); Ashe v. Konover, Superior Court, judicial district of Waterbury, Docket No. 105837 (June 22, 1994, Sullivan, J.) (12 CONN. L. RPTR. 13, 14) (no apportionment between negligent and intentional tortfeasors).
Nevertheless, because Dinatale has moved to strike the entire complaint, the court must consider whether the complaint contains any legally sufficient claim for apportionment. Cody has also alleged that Dinatale was negligent under § 22-364, "which is not part of [Cody's] motion to strike, and a motion to strike an entire complaint should be denied if any of the plaintiff's claims are legally sufficient." Michigan Mutual Ins. Co. v. Table Chair Warehouse, Inc., Superior Court, judicial district of CT Page 7682 Stamford/Norwalk at Stamford, Docket No. 106327 (December 20, 1990, Lewis, J.), citing Kovacs v. Kasper, 41 Conn. Sup. 225,226, 565 A.2d 18 (1989).
Accordingly the court must assume, without deciding the issue, that an apportionment claim based on § 22-364 is legally sufficient because the court is limited to the grounds specified in the motion. See Meredith v. Police Commission,182 Conn. 138, 140, 438 A.2d 27 (1980). Therefore the defendant Dinatale's motion to strike is denied.
SKOLNICK, J.