[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 109)
Before the court is the defendant George F. Hammel's motion to strike the entire complaint of the plaintiff. The complaint alleges the following facts. The plaintiff, Karen Morton, as administratrix of the estate of James Barksdale, alleges that the defendant, George Hammel, a former deputy sheriff for Fairfield County, failed to timely serve a writ, summons and complaint in a previous action. The defendant was engaged to make service upon the defendant in the other matter on September 8, 1994. The statute of limitations was going to expire on September 10 or 11, 1994, and the defendant in the present case had agreed to serve process on or before that date. The defendant failed to serve process in a timely manner, which in turn resulted in the plaintiff's inability to recover damages in the previous action. Count one of the plaintiff's complaint alleges negligence, and count two alleges breach of contract.
The defendant has moved to strike the entire complaint on the ground that the action is barred by the statute of limitations. The defendant has filed a memorandum in support of the motion to strike, and the plaintiff has filed a memorandum in opposition thereto.
"[A] motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court. . . ." (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516,522, ___ A.2d ___ (2000). "[A] claim that an action is barred by . . . the statute of limitations must be pleaded as a special defense, not raised by a motion to strike. . . . [T]here are two exceptions to that holding. . . . If all of the facts pertinent to the statute of limitations are pleaded in the complaint and the parties agree that they are true, or if a statute creating the cause of action on which the plaintiff relies fixes the time within which the cause of action must be asserted, a motion to strike would be allowed." (Internal quotation marks omitted.) Girard v. Weiss, 43 Conn. App. 397, 415, 682 A.2d 1078, cert denied., 239 Conn. 946, 686 A.2d 121 (1996). "If a motion to strike is directed to the entire complaint, the motion must fail if any of the plaintiff's claims is legally sufficient." Kovacs v. Kasper,41 Conn. Sup. 225, 226, 565 A.2d 18 (1989).
The defendant argues that the motion to strike is proper because all the facts necessary to determine whether the claim is barred by the statute of limitations are contained in the complaint. The defendant further argues that plaintiff's cause of action accrued at the time of the failure to serve process in a timely manner. Therefore, the defendant argues that the plaintiff's current cause of action accrued on September 11, 1994. The defendant asserts that the statute of limitations for the present cause of action is two years pursuant to General Statutes §52-583.[1] The plaintiff responds that the governing statute is not CT Page 11616 General Statutes § 52-583 because the second count of the complaint alleges breach of contract. The plaintiff also disputes the defendant's assessment of when the current cause of action accrued.
Count two of the plaintiff's complaint alleges breach of contract. Pursuant to General Statutes § 52-576, the applicable statute of limitations for contract actions is six years.[2] Because for purposes of deciding a motion to strike the court must take the allegations as true, the court must presume that a contract existed between the parties. Therefore, it is not apparent on the face of the complaint that the statute of limitations has expired as to the second count.[3]
Accordingly, the defendant cannot move to strike the complaint in the present case on the ground that it is barred by the statute of limitations because the exceptions to the general rule do not apply. See Girard v.Weiss, supra, 43 Conn. App. 415.
Based on the foregoing, the defendant's motion to strike is denied.
SKOLNICK, J.