[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE COMPLAINT (#102)
 BACKGROUND
This is a personal injury lawsuit brought by the plaintiff, Steven Durham against the defendants, Taurus Café, Inc., Susie Roberts and Larry Livingston. The plaintiff seeks damages arising out of an incident on October 24, 1998 where he was allegedly shot by an unknown assailant while inside the Taurus Café. The defendants seek to strike the entire complaint asserting that it is insufficient to state a cause of action for violation of the Dram Shop Act, General Statutes § 30-102. For the reasons set forth below, the motion to strike must be denied.
 DISCUSSION
Were this a cause of action based on the Dram Shop Act, the defendants' motion to strike would properly be granted. The present complaint does not plead the required statutory notice nor has it been brought within the one year limitation period prescribed by § 30-102. The plaintiff CT Page 7257 asserts, however, that the present case is based on a breach of a duty to provide security and not on violation of the Dram Shop Act.
According to the Restatement (Second) of Torts § 314A:
 "A possessor of land who holds it open to the public is under a duty to business invitees to protect them against unreasonable risk of harm."
Construing the facts in the complaint most favorably to the plaintiff,Faulkner v. United Technologies Corp., 240 Conn. 576, 580 (1997), the complaint adequately pleads a cause of action for breach of security. Since this portion of the complaint is legally sufficient, the motion to strike must be denied. See Kovacs v. Kasper, 41 Conn. Sup. 225, 226
(1989) (if a motion to strike is directed to the entire complaint, the motion must fail if any of the plaintiff's claims is legally sufficient.).
The present ruling is without prejudice to the defendants' right to seek revision of the complaint to delete any allegations they deem are irrelevant and immaterial such as those that appear to assert a Dram Shop Act claim. See Practice Book § 10-35.
 CONCLUSION
For the reasons set forth above, the defendants' motion to strike the entire complaint is denied.
So Ordered at New Haven, Connecticut this 30th day of May, 2001.
Devlin, J