[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE COUNTS SIX AND SEVEN OF THE COMPLAINT (#102)
This is a lawsuit arising out of an alleged wrongful discharge from employment. The plaintiff, Lorene Higlibridge ("Highbridge") has brought a seven count complaint against her former employer, Shoreline Life Care. The first five counts of the complaint assert breach of contract, breach of the covenant of good faith, breach of implied contract, and negligent misrepresentation in two respects. None of these counts are affected by the present motion to strike. The sixth count of the complaint alleges defamation and the seventh count alleges intentional infliction of emotional distress. The defendant moves to strike these two counts asserting that they fail to state a cause of action. For the reasons set forth below the motion to strike the sixth count is denied and the motion to strike the seventh count is granted.
 DISCUSSION
CT Page 7081 A. DEFAMATION
The defendant asserts that the sixth count should be striken because it fails to allege a non privileged publication of any false or defamatory matter. The gist of this count is that defendant's executive director, Jeanne Kinnard allegedly told Highbridge on September 2, 1997 that she may have made a "mismatch" between Highbridge and the position for which she was hired. This statement was allegedly made in the presence of Joyce Woodhull, defendant's human resources representative. The count goes to to allege that on September 3, 1997, Kinnard handed Highbridge a so called "pink slip" that stated the reason for employment separation was poor performance and told Highbridge that she had her poor performance documented. These events on September 3, 1997 were also allegedly done in the presence of Woodhull. Highbridge alleges that the accusation as to (1) mismatch, (2) poor performance and (3) documentation were false and caused damage to her reputation and economic harm.
The defendant argues that this count fails to adequately allege the required elements of a defamation cause of action, namely, a non-privileged publication of a defamatory statement. Strada v.Connecticut Newspapers Inc., 193 Conn. 313, 316 (1984). Moreover, as to the pink slip, the defendant asserts that publications to the Unemployment Commission are absolutely privileged. Petyan v. Ellis,200 Conn. 243, 247-48 (1986).
The information on the pink slip was intended to memorialize the reasons for Highbridge's discharge for purposes of unemployment compensation and, as such, are privileged and may not form the basis of a defamation cause of action. Petyan v. Ellis, supra.
Where, however, any part of a plaintiff's claim is legally sufficient, a motion to strike must fail. Kovacs v. Kasper, 41 Conn. Sup. 225, 226
(1989). In considering a motion to strike, the court must construe the facts in the complaint most favorably to the plaintiff. Faulkner v.United Technologies Corp., 240 Conn. 576, 580 (1997). Here the allegedly defamatory statements concerning "mismatch", "poor performance" and "documentation" were allegedly made in the presence of a third party, Woodhull. Although the defendant claims that such statements were conditionally privileged, the allegations are adequate to survive a motion to strike.
The motion to strike the sixth count must be denied.
 B. CT Page 7082 INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
The defendant seeks to strike the seventh count claiming that the defendant's actions were not sufficiently extreme and outrageous to support a cause of action for intentional infliction of emotional distress. The court agrees.
To make out a case for intentional infliction of emotional distress, a plaintiff must prove: 1) that the defendant intended to inflict emotional distress, or knew or should have known emotional distress was a likely result of the defendant's conduct; 2) that the conduct was extreme and outrageous; 3) that the defendant's conduct caused the plaintiff's distress and emotional distress sustained was severe. DeLaurentis v. NewHaven, 220 Conn. 225, 226 (1991); Restatement (Second) Torts (1965) § 46. The distinguishing feature of this tort is the requirement of "extreme outrageous conduct." Indeed, it is not an overstatement to assert that this is the entire tort. See The Right to Mimmum SocialDecency and the Limits of Evenhandedness: Intentional Infliction ofEmotional Distress by Outrageous Conduct, 82 Columbia Law Review, Pt. 1, 42, 46 (1982).
In the present case, the defendant allegedly discharged an employee for what it believed was poor performance. Neither the circumstances nor manner of the discharge as alleged can reasonably be viewed as "extreme outrageous conduct."
The motion to strike the seventh count is granted.
 CONCLUSION
For the reasons set forth above, the motion to strike the sixth count (defamation) is denied and the motion to strike the seventh count (intentional infliction of emotional distress) is granted.
So Ordered at New Haven Connecticut this 30th day of May, 2001.
DEVLIN, Judge.