[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue before the court is whether the plaintiff has sufficiently alleged an exception to the doctrine of governmental immunity. Because the plaintiff has failed to allege sufficient facts to establish that he was an identifiable victim or in a class of identifiable victims, the motion to strike is granted.
 FACTS
CT Page 9319
On January 12, 2000, the plaintiff, Angelo Insogna, filed an amended four-count complaint against the defendants, the city of Waterbury, its board of education, and several other named employees of the board of education. The plaintiff alleges that on May 16, 1997, he was seated on a bench in the locker room of West Side Middle School, when the bench rocked forward and caused the plaintiff to be thrown to the floor where he suffered multiple injuries. The plaintiff alleges, inter alia, that the named employees of the board were negligent because they failed to bolt the bench to the floor, failed to reasonably inspect the bench for unsafe conditions, and failed to warn others that the bench was unsafe. In addition, the plaintiff alleges that the city of Waterbury is liable as indemnitor of the named employees of the board pursuant to General Statutes § 4-765, and the Waterbury board of education is liable as the indemnitor of the named employees pursuant to General Statutes §10-235. On February 10, 2000, the defendants filed a motion to strike the entire amended complaint, along with a supporting memorandum of law, on the ground that the plaintiff has failed to state a claim upon which relief may be granted. On February 13, 2001, the plaintiff filed a memorandum in opposition to the motion to strike.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael,Inc. v. Sea Shell Associates, 244 Conn. 269, 270-71, 709 A.2d 558
(1999). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 588, 693 A.2d 293 (1997). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Id., 580. "If a motion to strike is directed to the entire complaint, the motion must fail if any of the plaintiff's claims is legally sufficient." Kovacs v. Kasper,41 Conn. Sup. 225, 226, 565 A.2d 18 (1989).
The defendants first argue that they are immune from this action because they were performing a public duty that was discretionary. In response, the plaintiff argues that this action falls under the exception to governmental immunity where a government employee's actions would likely subject an identifiable person to imminent harm. The defendants argue that the plaintiff has failed to allege any facts indicating that he was an identifiable person subject to imminent harm or that he was a CT Page 9320 member of a class of identifiable victims.
"Although municipalities are generally immune from liability in tort, municipal employees historically were personally liable for their own tortious conduct. . . . The doctrine of governmental immunity has provided some exceptions to the general rule of tort liability for municipal employees. [A] municipal employee . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act." (Citations omitted; internal quotation marks omitted.) Purzycki v.Fairfield, 244 Conn. 101, 107, 708 A.2d 937 (1998).
In this case, both parties concede that the defendants' alleged actions were discretionary in nature. Connecticut case law, however, also recognizes three exceptions to governmental immunity for discretionary acts: "first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." (Internal quotation marks omitted.) Burns v.Board of Education, 228 Conn. 640, 645, 638 A.2d 1 (1994).
The only exception relevant in this case is whether the plaintiff has sufficiently alleged that the plaintiff was an identifiable person or part of an identifiable class of victims in imminent harm. "The `[identifiable] person/imminent harm' exception to the general rule of governmental immunity for employees engaged in discretionary activities has received very limited recognition in this state." Evon v. Andrews,211 Conn. 501, 507, 559 A.2d 1131 (1989). "In delineating the scope of a foreseeable class of victims exception to governmental immunity, our courts have considered numerous criteria, including the imminency of any potential harm, the likelihood that harm will result from a failure to act with reasonable care, and the identifiability of the particular victim."Burns v. Board of Education, supra, 228 Conn. 647. This exception has been construed "to apply not only to identifiable individuals but also to narrowly defined identifiable classes of foreseeable victims." Id., 646.
In this case, the court must first determine whether the plaintiff was an identifiable person or part of an identifiable group of victims. Our appellate and trial courts have recognized that students at school are an identifiable class of victims because they are compelled to be at school and the school has a duty to care for them during that time. See Burnsv. Board of Education, supra, 228 Conn. 647 (plaintiff was student who fell on ice on the school's courtyard during school hours); Purzycki v.CT Page 9321Fairfield, supra, 244 Conn. 109-10 (plaintiff was tripped by a fellow student in an unsupervised hallway during a lunch recess period); Colonv. New Haven, 60 Conn. App. 178, 184, 758 A.2d 900 (2000) (plaintiff was hit on the head at school when a teacher swung open a door during school hours); O'Conner v. Crist, Superior Court, judicial district of Waterbury, Docket No. 145634 (February 20, 2001, Doherty, J.) (plaintiff sustained injuries on the playground during school recess).
In addition, our courts have also determined that a plaintiff was part of a class of identifiable victims where they were an employee who was working on the job at the time the harm occurred. See Tyron v. NorthBranford, 58 Conn. App. 702, 710, 755 A.2d 317 (2000) (plaintiff was working as a firefighter during a parade when she was bit by a dog);Rotonto v. Access Industries, Inc., Superior Court, judicial district of Hartford at Hartford, Docket No. 582619 (October 11, 2000, Wagner,J.T.R.) (plaintiff was working as a custodian when she fell off a lift used by the custodians).
Conversely, in Evon v. Andrews, supra, 211 Conn. 501, our Supreme Court held that a group of tenants in a building was not an identifiable class of victims. Id., 505. In that case, the plaintiff's alleged that the city of Waterbury and its various officials were negligent because they failed to enforce various statutes, regulations, and codes for a rental apartment building that subsequently caught on fire, killing the tenants inside. Id., 502. The court stated that "[t]he risk of fire implicates a wide range of factors that can occur, if at all, at some unspecified time in the future. The class of possible victims of an unspecified fire that may occur at some unspecified time in the future is by no means a group of `identifiable persons.'" Id., 508.
The court reiterated its reasoning in Shore v. Stonington, 187 Conn. 147,444 A.2d 1379 (1982), where the defendant police officer stopped a drunk driver, but failed to arrest him despite signs of drunkenness. Later that same night the plaintiff's decedent was struck and killed by that same drunk driver. See id., 150-51. The court held that the plaintiff's decedent was not an identifiable person, stating that "[t]he adoption of a rule of liability where some kind of harm may happen to someone would cramp the exercise of official discretion beyond the limits desirable in our society." Id., 157.
Based upon the foregoing case law, the plaintiff has not sufficiently alleged that he was an identifiable victim or part of an identifiable class of victims. In his amended complaint, the plaintiff only alleges that he was lawfully in the middle school locker room, where he was sitting on a bench. Unlike the previously cited cases, the plaintiff does not allege that he was a student of the school and was compelled to be CT Page 9322 there, nor does the plaintiff allege that he was an employee who had to be there to do his work. The plaintiff does not allege that he was part of any group wherein he might have established some sort of special relationship with the defendants. See Suller v. Shelton, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 056428 (August 9, 2000, Grogins, J.) (finding that the plaintiff was part of a foreseeable class of victims because he was a participant in a weight training program at the public high school).
The most that the court can construe from the plaintiff's amended complaint is that the plaintiff was merely a public citizen sitting in a public area. See Miller v. Lisman, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 068679 (January 3, 2001, Arnold,J.) (holding that the plaintiff was not an identifiable victim when he tripped on a one-inch lip in the Town Clerk's vault because "he was a member of the public, voluntarily on the premises, and presumably conducting his own business affairs"); Metcalf v. Watertown, Superior Court, judicial district of Waterbury, Docket No. 140643 (December 14, 1999, Doherty, J.) (holding that the plaintiff was not an identifiable victim because she was skating in a public rink that was open to the public); Amos v. Strickland, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 564328 (April 1, 1997,Hennessey, J.) (holding that the plaintiffs were not identifiable victims because when the tree limb fell on them they were merely public citizens walking on a public sidewalk).
As presently plead, the plaintiff has failed to allege sufficient facts to fall within an exception to the defense of governmental immunity. Because the plaintiff has failed to allege a valid cause of action against the named employees of the Waterbury board of education, the actions for indemnification against the City of Waterbury and the Waterbury board of education, counts three and four respectively, must also fail.
Accordingly, the motion to strike the entire amended complaint is granted.
CHASE T. ROGERS, J.