[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is the defendants' motion to strike counts one, two and three of the plaintiffs' revised complaint should be granted on the grounds that count one fails to sufficiently allege a breach of contract, count two fails to sufficiently allege a breach of the Connecticut Unfair Trade Practices Act (CUTPA), and count three is legally insufficient because it alleges failure to comply with the Home Improvement Act (HIA), which does not give rise to a cause of action by a plaintiff against a defendant.
For the reasons given below the defendant's motion to strike count one must be denied because the plaintiffs sufficiently allege a cause of action in breach of contract, that the defendant's motion to strike count two must be granted because the plaintiffs fail to sufficiently allege a breach of CUTPA and the defendant's motion to strike count three must be denied because the plaintiffs do not allege an independent cause of action under the HIA.
 FACTS
The plaintiffs Ronald Lunn and Lori Lunn filed a three-count revised complaint dated March 15, 2002, against the defendant Thomas Hussey. Count one alleges that the plaintiffs reached an agreement with the defendant that the defendant would paint the plaintiffs' home for $6000. In the summer of 1998, the defendant painted the defendant's home and the plaintiffs paid the defendant the contract price. The plaintiffs further allege that soon after the defendant completed his painting job, the plaintiffs noticed areas on the side of their home that were unfinished and, later, where the paint was chipping and cracking. The plaintiffs allege that the defendant sent someone to their home to paint the unfinished areas but did not repair the chipping or cracking areas. They also allege that they continuously called the defendant and requested that he examine and repair the chipped and cracked areas but that the defendant refused to either examine or repair. The plaintiffs allege that the defendant therefore breached the agreement between himself and the CT Page 2315 plaintiffs by either failing to properly prepare the surface of the house for paint, by failing to perform his services in a workmanlike manner, and/or by failing to sand the siding down to bare wood, to prime it, and to paint it with a proper coat of paint. They allege that they have been damaged by the defendant's breach and that they will have to expend approximately $9000 to remedy the defects in the defendant's paint job.
In count two of their complaint, the plaintiffs incorporate by reference count one and further allege that the foregoing conduct constitutes an unfair or deceptive trade practice as defined by General Statutes § 42-110a et seq. Count three of the complaint incorporates by reference count two and further alleges that the defendant violated the HIA and, consequently, also violated CUTPA. The plaintiffs allege that the defendant violated the HIA by failing to reduce to writing the agreement between the plaintiffs and the defendant in accordance with General Statutes § 42-134 et seq., by failing to deliver a written signed agreement to the plaintiffs and by failing to provide the plaintiffs with the notices required by § 42-134a. Finally, the plaintiffs allege that as a result of the aforesaid conduct, the plaintiffs have suffered an ascertainable loss.
On December 5, 2002, the defendant filed a motion to strike the plaintiffs' revised complaint. Pursuant to Practice Book § 10-42, the defendant filed a memorandum in support of the motion to strike. On December 27, 2002, the plaintiffs filed an objection to the defendant's motion to strike and, pursuant to § 10-42, a memorandum of law in support of said objection.
 DISCUSSION
The defendant moves to strike the plaintiffs' complaint on the ground that the allegations contained therein fail to state a claim upon which relief can be granted. In his memorandum in support of his motion to strike, the defendant argues that the facts as alleged by the plaintiffs in the revised complaint do not provide a legal basis to sustain their claims.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted . . . Indeed, pleadings must be CT Page 2316 construed broadly and realistically, rather than narrowly and technically." (Citation omitted; internal quotation marks omitted.) Gazov. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). "The court must construe the facts in the complaint most favorably to the plaintiff . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Faulkner v. United Technologies Corp.,240 Conn. 576, 693 A.2d 293 (1997).
The defendant argues that the first count of the plaintiffs' complaint does not allege, but rather asks the court to assume, facts essential to their cause of action. The defendant lists those facts as (1) that the paint itself was without defect; (2) the person responsible for choosing, purchasing and supplying the paint for the job; and (3) that the house itself was capable of receiving and retaining for some period of time the paint applied. He argues that these facts would need to be alleged and proved before the defendant could be held liable for failing to perform services in a workmanlike manner and, consequently, leaving the plaintiffs with a defective paint job. The plaintiffs argue in opposition that they sufficiently allege that the defendant breached his contract with the plaintiffs because they allege that the parties entered into an agreement, that the plaintiffs performed by paying the agreed-upon contract price, that the defendant painted the house but breached his agreement with the plaintiffs by failing to paint as agreed upon in a workmanlike manner, and that the plaintiffs suffered damages.
"The key elements of a breach of contract action are: (1) the formation of an agreement; (2) performance by one party; (3) breach of the agreement by the other party and (4) damages." Ouellette v. Embry andNeusner, Superior Court, judicial district of New London, Docket No. 556457 (June 28, 2002, Hurley, J.T.R.) (32 Conn.L.Rptr. 418). The plaintiffs have alleged each of these four key elements in the first count of their complaint. As for the third element, the plaintiffs allege that the defendant breached by either failing to properly prepare the surface of the house for paint, failing to perform his services in a workmanlike manner or failing to sand the siding down to bare wood, prime it, and paint it with a proper coat of paint. Therefore, even if the court finds that the plaintiffs failed to allege facts sufficient to support their allegation that the defendant breached the contract by failing to perform in a workmanlike manner, the plaintiffs have alleged two other possible breaches by the defendant. "[A] motion to strike . . . if it is directed at the entire pleading, must fail if any one of the plaintiff's claims are legally sufficient. This also means if a single count sets out more than one allegation, it cannot be stricken as long as one of the claims is legally sufficient even if the other claims do not meet that test." (Citation omitted.) Geising v. Blefeld, Superior Court, judicial district CT Page 2317 of New London, Docket No. CV 99 0549307 (April 25, 2002, Corradino, J.) (32 Conn.L.Rptr. 68); accord Kovacs v. Kasper, 41 Conn. Sup. 225, 226,565 A.2d 18 (1989). Consequently, the defendant's motion to strike count one of the plaintiffs' complaint must be denied.
The defendant moves to strike count two of the plaintiffs' complaint on the ground that although it contains a claim that the defendant's conduct constitutes an unfair or deceptive trade practice, the facts alleged in support of this claim simply amount to a cause of action in breach of contract and are therefore insufficient to form the basis for a CUTPA claim. The plaintiffs argue in opposition that several superior court cases support their position that a contract claim can form the basis for a CUTPA claim if sufficient aggravating factors are present. The plaintiffs argue that their allegation that they repeatedly called the defendant to request that he examine the peeling and cracking paint and make any necessary repairs and that the defendant refused to comply is a sufficient aggravating factor. The plaintiffs argue further that their allegations that the defendant made misrepresentations to the plaintiffs by promising to properly prepare the surface of their home for paint and then failing to perform in a workmanlike manner also demonstrate aggravating circumstances sufficient to form the basis for a CUTPA claim.
"[T]he same facts that establish a breach of contract claim may be sufficient to establish a CUTPA violation." Lester v. Resort CamplandsInternational, Inc., 27 Conn. App. 59, 71, 605 A.2d 550 (1992). "Although there is a split of authority in the Superior Courts regarding what is necessary to establish a CUTPA claim for breach of contract, the vast majority of Superior Court decisions [conclude] that, absent allegations of sufficient aggravating circumstances, [a] simple breach of contract, even if intentional, does not amount to a violation of [CUTPA]." (Internal quotation marks omitted.) Presence Studios Westport v. FreelifeInternational, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 990360617 (August 2, 2002, Melville, J.). "Moreover, [a] simple contract breach is not sufficient to establish a violation of CUTPA, where a count simply incorporates the reference to the breach of contract claim and does not set forth how or in what respect the defendant's activities are either immoral, unethical, unscrupulous, or offensive to public policy." (Internal quotation marks omitted.) Bluezone Foundation v. Paradise Properties, Superior Court, judicial district of New London, Docket No. 555904 (July 24, 2001, Hurley, J.T.R.).
In the second count of their complaint, the plaintiffs simply incorporate by reference count one and allege that the allegations of CT Page 2318 count one also amount to a violation of CUTPA. Contrary to the plaintiffs' argument, they do not allege in count two that the defendant made any misrepresentations to them. Therefore, the court may not consider whether this supposed misrepresentation amounts to a sufficient aggravating circumstance. Although counts one and two allege each of the four elements of a breach of contract, they also allege that the plaintiffs called the defendant on numerous occasions to request that he examine his paint job and make any necessary repairs but that the defendant failed to comply with their request. Because this allegation is not necessary for the plaintiffs to have sufficiently alleged a cause of action in breach of contract, the question remains whether this allegation is an aggravating circumstance sufficient to amount to a cause of action under CUTPA. This allegation, that the defendant refused to view his work and to make any necessary repairs, does not qualify as a sufficient aggravating circumstance. The plaintiffs in no manner allege that this refusal renders the defendant's breach of contract immoral, unethical or offensive to public policy. In fact, the plaintiffs do not allege that the defendant had an obligation under the contract to return to the plaintiffs' home to make repairs once his work was completed. Therefore, the defendant had a right to refuse the plaintiffs' request that he examine and repair. Accordingly, the defendant's motion to strike count two should be granted.
The defendant moves to strike count three of the plaintiffs' complaint on the ground that the HIA "does not give rise to a cause of action by the plaintiff against a defendant, but rather the effect of a statute is to render invalid and unenforceable certain home improvement contracts." (Defendant's Supporting Memorandum, p. 2.) The plaintiffs argue in opposition that they do not allege an independent cause of action under the HIA but, rather, allege that the defendant violated § 20-429 (a) (1) of the HIA and that, pursuant to General Statutes § 20-427 (b), this violation constitutes a per se violation of CUTPA.
The plaintiffs are correct in their argument that they have not alleged an independent cause of action under the HIA. In addition to their allegations that the defendant violated various sections of the HIA by failing to reduce to writing the agreement between the parties, etc., the plaintiffs also allege in count three that "the agreement of the defendant failed to comply with the requirements of the Home Improvement Act General Statutes § 20-418 et seq. and consequently, also violated the Connecticut Unfair Trade Practices [Act] at Connecticut General Statutes § 20-110a et seq. . . ." (Emphasis added.) (Plaintiffs' Revised Complaint, p. 3.)
"A party seeking to recover damages under CUTPA must meet two threshold CT Page 2319 requirements. First, he must establish that the conduct at issue constitutes an unfair or deceptive trade practice . . . Second, he must present evidence providing the court with a basis for a reasonable estimate of the damages suffered." (Citations omitted.) A. Secondino Son, Inc. v. LoRicco, 215 Conn. 336, 343, 576 A.2d 464 (1990). "General Statutes 20-427 . . . provides that any violation of the Home Improvement Act is deemed to be an unfair or deceptive trade practice," a per se violation of CUTPA. Id. Here, the plaintiffs allege that the defendant violated the HIA and that this violation constituted a per se violation of CUTPA. They also allege that they suffered an ascertainable loss. Consequently, the plaintiffs have not alleged an independent cause of action under the HIA, but rather have alleged a per se violation of CUTPA by virtue of the defendant's violation of the HIA. Accordingly, the defendant's motion to strike count three of the plaintiffs' complaint must be denied.
The defendant's motion to strike counts one and three of the plaintiffs' revised complaint is denied and the defendant's motion to strike count two of the plaintiffs' revised complaint is granted.
 John W. Pickard Judge of the Superior Court
CT Page 2320